**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SALENA GLENN, | ) | CASE NO. 3:22-cv-908 |
| | ) | |
| PETITIONER, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| TERI BALDAUF, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On May 23, 2024, Magistrate Judge James E. Grimes, Jr. issued a Report and Recommendation ("R&R") recommending that this Court deny the petition for writ of habeas corpus filed by *pro se* petitioner Salena Glenn ("Glenn" or "petitioner") pursuant to 28 U.S.C. § 2254. (Doc. No. 25 (R&R).) Glenn sought and received extensions of time to file her objections to the R&R and subsequently filed timely objections. (Doc. No. 29 (Objections).) Respondent filed neither a response to Glenn's objections nor her own objections. For the reasons discussed herein, Glenn's objections to the R&R are OVERRULED, the R&R is ACCEPTED, and Glenn's petition is DENIED.

**I. BACKGROUND**

The R&R sets forth a detailed factual and procedural history of this case based on the summary provided by the Ohio Court of Appeals for the Third Appellate District. (Doc. No. 14, at 238–40.)[1] In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2253(e)(1). The petitioner

---
[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw,* 695 F.3d 439, 447 (6th Cir. 2012). This Court accepts the magistrate judge's summary as if rewritten herein. (*See* Doc. No. 25, at 2–4.) The Court repeats here only the background facts most relevant to Glenn's objections.

On April 4, 2019, the Marion County Grand Jury indicted Glenn on five drug-related counts, and one count of tampering with evidence. (Doc. No. 25, at 2.) After a jury trial in state court, Glenn was found guilty on four counts, including trafficking in cocaine, possession of cocaine, aggravated possession of fentanyl, and tampering with evidence. (*Id.*) Two of the counts merged for purposes of sentencing and Glenn was given consecutive sentences on the three remaining counts, for an aggregate prison term of 20 years. (Doc. No. 14-1, at 90–92.) Glenn took a direct appeal, and the appellate court remanded for resentencing. *See State v. Glenn,* No. 9-19-64, 2021 WL 321548, at *8 (Ohio Ct. App. Feb. 1, 2021). On remand, the trial court again merged two of the counts of conviction for sentencing purposes and imposed consecutive sentences on the three remaining counts for the same aggregate prison term of 20 years. (Doc. No. 14-1, at 589–91.)

In January 2021, Glenn filed two petitions to vacate or set aside her judgment. (Doc. No. 14-1, at 361, 465.) The state trial court denied both petitions. (*Id.* at 584–88.) In June 2021, the Ohio Supreme Court declined to accept jurisdiction over Glenn's appeal. (*Id.* at 278.) A year later, Glenn filed a *pro se* delayed application for reopening her direct appeal under Ohio Appellate Rule 26(B). (*Id.* at 279–94.) The court of appeals denied Glenn's application for reopening as untimely. (*Id.* at 341–42.)

On May 31, 2022, Glenn filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Glenn's petition raises five grounds for relief, which are reproduced as written:

2

**GROUND ONE:** Salena Glann's Right to a fair trial, Right to present a complete defense 6th Amendment Right to a speedy trial.

**GROUND TWO:** Selina Glenn was denied due process, abuse of discretion, evidence was insufficient to support the guilty verdict 5th + 14th amendment.

**GROUND THREE:** Ineffective assistance of counsel plain error 6th Amendment + 14th Amendment.

**GROUND FOUR:** Illegal Search + Seizure, Confrontation of Adverse Witness 4th + 6th Amendment.

**GROUND FIVE:** The trial court errored [sic] when it did not instruct the jury of the joint indictment; there was no motion to file to separate joint indictment. 5th, 6th, 14th Amendment.

(Doc. No. 1, at 5–13.)

In his R&R, the magistrate judge recommends dismissing all five grounds as procedurally defaulted. He recommends that Grounds One, Two, and Four may also be dismissed as non-cognizable upon federal habeas review. (Doc. No. 25, at 15–31.)

## II. STANDARD OF REVIEW

### A. 28 U.S.C. § 636(b)(1)(C)

Under 28 U.S.C. § 636(b)(l)(C), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States,* 37 F.3d 1499 (Table), 1994 WL 532926, at *l (6th Cir. 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term

is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also Cole v. Yukins,* 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections [to a magistrate judge's report and recommendation] does not meet requirement of specific objections and is tantamount to a complete failure to object.") Accordingly, habeas petitioners who do not advance proper objections "waive[] [their] right to *de novo* review." *Thompson v. Bracy*, No. 1:19-cv-58, 2022 WL 911260, at *6 (N.D. Ohio Mar. 29, 2022). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. AEDPA

Although this Court must review any matter properly objected to *de novo*, in the habeas context, it must do so under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

In *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), the Sixth Circuit noted the Supreme Court's explanation of these standards. With respect to the first prong:

> A decision of the state court is "contrary to" clearly established federal law "if the

4

> state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." [A]n "unreasonable application" occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."

*Id.* at 942 (quoting *Williams v. Taylor,* 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (internal citations omitted)). As to the second prong, federal courts must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan,* 550 U.S. 465, 473–74, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) (quoting 28 U.S.C. § 2254(e)(l)).

Under AEDPA's deferential habeas review standard, the question before the Court on *de novo* review "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* at 473. To obtain habeas corpus relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

This standard is difficult to meet "because it was meant to be." *Id.* at 102. "[H]abeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102–03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

5

## III. DISCUSSION

Glenn's objections are largely incoherent and do not identify any specific portions of the R&R to which she takes issue. At best, they make conclusory statements that constitutional violations occurred and reassert the factual bases for issues she has with her conviction and sentence. (*See, e.g.*, Doc. No. 29, at 29 ("This case is not to be dismissed. In recognition of an American Citizen being stripped of his Liberty and violated by his Constitutional Rights concerning an Unconstitutional, Illegal Arrest.").) Glenn explains that, through her objections to the R&R, she aims to "bring forth the actual events" of the day she was arrested, and to "rebut[] the state['s] facts, including every detail that was left out[.]" (Doc. No. 29, at 5.) These accounts were previously offered in her habeas petition and traverse. (*See generally* Doc. No. 1; Doc. No. 20.)

Glenn includes in her objections a section entitled "Procedural default," but as far as the Court can discern, she does not engage with the R&R's reasoning that all of her habeas grounds are procedurally defaulted—much less offer clear and proper objections to the magistrate judge's recommendations. (*See* Doc. No. 29, at 37–39.) Glenn's objections are also silent regarding the R&R's conclusions that many of her grounds are not cognizable on federal habeas review.

Objections like Glenn's are *improper*: "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (finding that objections that allege the magistrate's recommendation is incorrect, but "fail to specify the findings . . . believed [to be] in error" are overly general and improper)). A party disappointed with the magistrate judge's recommendation has a "duty to pinpoint those portions of the magistrate's report that the district court must specially

consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation omitted). Glenn has not met that duty.

Further, the vast majority of the filing merely rehashes arguments raised in the petition and traverse. Objections that are "simply a repetition of what the Magistrate Judge has already considered" are improper and can be overruled on this basis alone. *United States v. Bowers*, No. 06-7, 2017 WL 6606860, at *1 (E.D. Ky. Dec. 26, 2017).

Improper objections like Glenn's are not entitled to *de novo* review. *Aldrich*, 327 F. Supp. 2d at 747; *see also Cole*, 7 F. App'x at 356 (to obtain *de novo* review, objections to the R&R must be specific, not "vague, general, or conclusory"). The Court therefore need only review the R&R for clear error. *Kirkland v. Comm'r of Soc. Sec.*, No. 5:20-cv-2480, 2022 WL 643169, at *5 (N.D. Ohio Mar. 4, 2022) ("A 'general objection is treated as no objection at all and results in only clear error review' of the Report and Recommendation." (quoting *Allgood v. Shoop*, No. l:19-cv-2808, 2021 WL 2116280, at *l (N.D. Ohio May 25, 2021))); *Day v. Onstar, LLC*, No. 2:19-cv-10922, 2019 WL 3315278, at *l (E.D. Mich. July 24, 2019) (frivolous, conclusive, or general objections to a report and recommendation are reviewed for clear error (quotation marks and citations omitted)).

This Court has reviewed the R&R, which thoroughly analyzed Glenn's five grounds for relief in the context of the procedural history of this case. As explained, because Glenn has not asserted proper objections to the magistrate judge's R&R, she waived her right to *de novo* review. After a clear error review of petitioner's objections and a careful review of the R&R, the Court finds it is appropriate to adopt the magistrate judge's R&R denying Glenn's petition, and to overrule Glenn's objections.

Notwithstanding the lack of proper objections, in an abundance of caution, the Court

addresses several arguments raised by Glenn in her 45-page filing.

### A. OBJECTIONS RELATING TO PROCEDURAL DEFAULT

As an initial matter, the Court observes that Glenn offers three new grounds for relief that she represents "are available for full review and are not procedurally defaulted." (Doc. No. 29, at 26.) Specifically, she raises the following as possible grounds: (1) the trial court committed numerous evidentiary errors, (2) the trial court erred in imposing consecutive sentences, and (3) the jury's verdicts were against the manifest weight of the evidence. (*Id.*) Glenn appears to acknowledge that these grounds should have been, but were not, raised in her habeas petition, and this is fatal to her argument. (*Id.* ("if [the claims] were left out as they should not have been . . . Petitioner respectfully request for this to be corrected for the record. . . .")). "It is well-established that a habeas petitioner cannot raise new claims or arguments in an objection that were not presented to the Magistrate Judge." *Pryor v. Erdos*, No. 5:20-cv-2863, 2021 WL 4245038, at *8 (N.D. Ohio Sept. 17, 2021) (collecting cases); *see also Crockett v. Sloan*, No. 1:16-cv-550, 2017 WL 1050364, at *3 (N.D. Ohio Mar. 20, 2017) (rejecting petitioner's attempt to raise new claims in objections "when those claims or arguments were never presented to the magistrate judge"); *Thompson v. Hooks,* No. 1:13-cv-1324, 2016 WL 8674655, at *2 (N.D. Ohio Sept. 30, 2016) (similar); *Roark v. Meko,* No. 12–cv-73, 2013 WL 3107654, at *3 (E.D. Ky. June 17, 2013) (similar). Accordingly, the Court will not consider these new claims.

### B. OBJECTIONS RELATING TO CAUSE AND ACTUAL PREJUDICE

Glenn also appears to argue the procedural default of her existing grounds may be excused for "cause and actual prejudice," citing the alleged withholding of *Brady*[2] material, and the

---

[2] *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) (holding the government must provide criminal defendants with material, exculpatory evidence in its possession).

existence of prosecutorial misconduct. (Doc. No. 29, at 37 (citing *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (review of a state prisoner's defaulted claims is barred unless the prisoner can demonstrate cause and actual prejudice that occurred because of the alleged violation of federal law)). These objections, however, are vague or non-cognizable upon federal habeas review. With respect to the "misconduct," the specifics of Glenn's complaint about the prosecutor are too vague for the Court to discern and can be overruled on this basis alone. *Drew*, 36 F. App'x at 561 (vague, general, and conclusory objections to a magistrate judge's R&R are improper).

Glenn's allegations regarding the withholding of *Brady* materials appear to refer to the trial court's refusal to permit discovery on five prior controlled buys as not relevant to the pending charges. (*See* Doc. No. 29, at 11, 37.) As noted by both the state appellate court and the magistrate judge, the trial court offered to review the alleged exculpatory evidence *in camera* several times, but Glenn's trial attorney declined, and the evidence was never preserved on the record. *Glenn*, 2021 WL 321548, at *5. (*See* Doc. No. 25, at 17.) To the extent Glenn now attempts to raise ineffective assistance of counsel in failing to preserve this evidence for appellate review as cause for her default, the argument is unavailable. While ineffective assistance of counsel can excuse a petitioner's procedural default, Glenn procedurally defaulted her ability to raise the ineffectiveness argument about both her trial and appellate counsel vis-à-vis the alleged exculpatory evidence by (1) not raising her trial counsel's alleged ineffectiveness on direct appeal and (2) not timely appealing the court's denial of her delayed Rule 26(B) application. (*See* Doc. No. 1, at 6; Doc. No. 14-1, at 341–42.) Because Glenn's ineffective assistance claim is itself procedurally defaulted, she cannot assert it as cause to excuse procedural default of her other claims. *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000) (an ineffective assistance of counsel

9

claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted).

Having found that Glenn cannot establish "cause" for procedural default of her claims, the Court need not reach the issue of actual prejudice. *Murray v. Carrier,* 477 U.S. 478, 494–96, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Glenn, therefore, has failed to establish excuse for the procedural default of her claims.

### C. **OBJECTIONS RELATING TO "MISCARRIAGE OF JUSTICE"**

Glenn correctly observes that, even in the absence of cause and actual prejudice, a petitioner may still be able to overcome procedural default if he or she can establish that failure to review the habeas claim will result in a "fundamental miscarriage of justice." *Edwards,* 529 U.S. at 451 (citation omitted). A "fundamental miscarriage of justice" occurs in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. A claim of actual innocence "requires [the] petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). The evidence upon which she appears to rely to demonstrate her innocence—the unpreserved *Brady* material and a letter from Ilya Green, a co-defendant, stating that the drugs were his—is not new. (Doc. No. 25, at 28; Doc. No. 20, at 17–18.) Both the alleged *Brady* material and the Green letter existed at the time of trial, and cannot now be relied upon to establish actual innocence. *Id.*

Likewise, Glenn's argument that the evidence offered against her at trial constituted "fruit of the poisonous tree" that flowed from an alleged improperly executed search warrant does not show that Glenn is "actual[ly]" or "factual[ly] innocen[t]" of the charges. *Bousley v. United States,* 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation omitted). At best,

this argument only supports a claim of "legal insufficiency," which, in any event, cannot excuse procedural default. *Id*. ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." (citing *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992))). Glenn has not met *Schlup'*s requirements for demonstrating "actual innocence," and, accordingly, has not established that failure to excuse her procedural default will result in a "fundamental miscarriage of justice." *Schlup,* 513 U.S. at 324; *Edwards,* 529 U.S. at 451.

## IV. CONCLUSION

The Court concludes that petitioner has not asserted proper objections and, thus, has waived her right to *de novo* review. The Court has reviewed the R&R for clear error and found none. Petitioner's objections are overruled, and the Court accepts and adopts the R&R. Accordingly, Glenn's petition is denied and dismissed in its entirety. The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: September 19, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**